FILED
2014 Jun-19  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RANDOLF PINKARD** ) | |
| , ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. _____** |
| ) | |
| **R & S AUTO SALES; RODERICK** ) | |
| **CALLINS; CREDIT ACCEPTANCE** ) | |
| **CORPORATION; and FICTITIOUS** ) | |
| **DEFENDANTS Nos. 1 through 10,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the United States District Court for the

Northern District of Alabama, Southern Division.  In support of this notice of removal, Credit Acceptance states as follows:

## I. **INTRODUCTION**

1.     On or about May 15, 2014, Plaintiff Randolf Pinkard ("Plaintiff") commenced this action by filing a complaint against R&S Auto Sales, LLC ("R&S Auto"), Roderick Callins ("Callins") and Credit Acceptance (collectively, the "Defendants") in the Circuit Court of Jefferson County, Alabama, Birmingham Division, Case Number 01-CV-2014-902069.00.

2.     Plaintiff's Complaint asserts claims against the Defendants relating to the alleged improper origination and servicing of her auto finance contract and the alleged improper repossession of the vehicle that was the subject of that contract.

3.     In connection with these allegations, Plaintiff purports to assert causes of action against the Defendants for violations of the federal Truth in Lending Act ("TILA"), the federal Fair Credit Reporting Act ("FCRA"), the federal Equal Credit Opportunity Act ("ECOA"), the federal Electronic Fund Transfer Act ("EFTA") as well as state law claims for fraud, deceit, suppression and/or misrepresentation, wantonness/negligence, breach of contract, conversion and wrongful repossession, negligent training, supervision and retention, bad faith, and violations of the UCC.

4.     This case is properly removable pursuant to 28 U.S.C. § 1441 because

federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of
> which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or
> the defendants, to the district court of the United States
> for the district and division embracing the place where
> such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5.     Federal district courts have "original jurisdiction of all civil actions

arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. §

1331.  Removal jurisdiction based upon a federal question exists when a federal

question is presented on the face of a plaintiff's complaint.  *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987).

6.     This is a civil action arising under the Constitution, laws, or treatises

of the United States, because Plaintiff is asserting claims against the Defendants

based upon alleged violations of the TILA, FCRA, ECOA and EFTA, all of which

are federal consumer protection statutes.  *See* Plaintiff's Complaint; *see also* 15

U.S.C. § 1681 *et seq.*, 15 U.S.C. 1602 *et seq.*, 15 U.S.C. § 1691, *et seq.* and 15

U.S.C. § 1693, *et seq.*

7.     Accordingly, Plaintiff's TILA, FCRA, ECOA and EFTA claims arise under the laws of the United States and could have been originally filed in this Court. *See Boone v. JP Morgan Chase Bank, N.A.*, 447 F. App'x 961, 963 (11th Cir. 2011) (holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of federal statutes including the TILA); *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358 (S.D. Fla. 2013) (holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of the FCRA); *Packard v. Farmers Ins. Of Columbus, Inc.*, 672 F.Supp.2d 817, 825 (S.D. Ohio 2009) (referencing that claims under the ECOA provide federal question jurisdiction and support removal); *Rallis v. First Gulf Bank, N.A.*, 2008 WL 4724745, at *1, n.1 (N.D. Fla. Oct. 24, 2008) (finding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of the EFTA);

8.     Because Plaintiff asserts claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441.

## SUPPLEMENTAL JURISDICTION

9.     This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as

Plaintiff's TILA, FCRA, ECOA and EFTA claims.  The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

10.    In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's TILA, FCRA, ECOA and EFTA claims. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).  *See also* 28 U.S.C. § 1441(c).

11.    Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources.  *See Braswell Wood Co., Inc. v. Waste Away Group, Inc.*, No. 2:09-cv-891, 2011 WL 2292311, *3 (M.D. Ala. June 9, 2011) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction); *see also, Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)).  In the instant case, Plaintiff's state law claims do not raise novel

or complex issues of state law, do not predominate over Plaintiff's demand for relief under the TILA, FCRA, ECOA and EFTA, and arise from the same transaction or occurrence. *See id.* (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

**ADOPTION AND RESERVATION OF DEFENSES**

12.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Credit Acceptance's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**PROCEDURAL REQUIREMENTS**

13.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14.     True, correct, and certified copies of "all process, pleadings, and orders" served on Credit Acceptance are attached hereto as Exhibit "A" in

conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Credit Acceptance to date in this case.

15.     R&S Auto and Callins, the only other defendants in this case, have been served and consent to this removal. Consents to removal signed by defendants R&S Auto and Callins are attached hereto as Exhibit "B".

16.     This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

17.     Credit Acceptance has heretofore sought no similar relief.

18.     The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place where this action is pending in state court.

19.     Contemporaneously with the filing of this notice of removal, Credit Acceptance has filed a copy of same with the clerk of the Circuit Court of Jefferson County, Alabama and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff, R&S Auto and Callins.

20.     Credit Acceptance reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Credit Acceptance prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully, submitted,


*/s/ Matthew T. Mitchell*
Matthew T. Mitchell
E. Jordan Teague

Attorneys for Defendant
CREDIT ACCEPTANCE CORPORATION

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:  (204) 458-5110
mmitchell@burr.com
jteague@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or by U.S. First Class Mail, hand delivery, fax or email on this the 18th day of June, 2014:

Thomas C. Donald
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone – (205) 985-2309
E-mail – cdonald@donaldlawfirm.com

Michael E. Parrish
Parrish & Theus, LLC
1707 29th Court South
P.O. Box 590067
Birmingham, AL 35259-0067
Phone – (205) 326-0026
E-mail – mike.parrish@parrish-theus.com

R & S Auto Sales, LLC
904 3rd Avenue West
Birmingham, AL  35204

Roderick Callins
904 3rd Avenue West
Birmingham, AL  35204


/s/ Matthew T. Mitchell
OF COUNSEL