FILED

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br><br>Date of Filing:<br>05/15/2014 | ELECTRONICALLY FILED AM 09:56<br>5/15/2014 2:32 PM<br>01-CV-2014-902069.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### RANDOLF PINKARD v. R&S AUTO SALES ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawful Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** DON041      5/15/2014 2:32:42 PM      /s/ THOMAS CHRISTOPHER DON

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

**EXHIBIT**

*A*



ELECTRONICALLY FILED
5/15/2014 2:32 PM
01-CV-2014-902069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| RANDOLF PINKARD,<br>    Plaintiff; | )<br>)<br>) |
| vs. | )<br>) |
| R & S AUTO SALES, LLC, an Alabama<br>Limited Liability Company;<br>RODERICK CALLINS, an individual;<br>CREDIT ACCEPTANCE CORPORATION, a<br>foreign corporation;<br>FICTITIOUS DEFENDANTS Nos. 1 through 10,<br>whether singular or plural, that entity or those<br>entities, who or which wantonly negligently,<br>fraudulently or through any actionable conduct,<br>caused or brought about the condition by which<br>Plaintiff was injured;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, as named above, by and through his undersigned counsel, and assert the following claims for relief against the above named Defendant, as follows:

## PARTIES

1.  The Plaintiff, **Randolf Pinkard,** hereinafter sometimes referred to as "Plaintiff," is an individual over the age of nineteen (19) years.

2.  The Defendant, **R & S Auto Sales, LLC,** hereinafter referred to as "Dealership" and/or "Defendant," is a Limited Liability Company, engaged, *inter alia,* in the sale of automobiles, whose principal place of business is located in Jefferson County, Alabama, at 904 3rd Avenue West, Birmingham, Alabama 35204.

3.  The Defendant, **Roderick Callins,** is an individual who is the managing member of R & S Auto Sales, LLC and who, in doing the acts and omission herein alleged, Plaintiff alleges that Defendant conspired with and among one another and/or with other individuals or entities

presently unknown to Plaintiff, to engage in the conduct made the subject of this Complaint, and acted as agents of one another, pursuant to a common goal or scheme to carry out the wrongful patterns of conduct herein alleged and to conceal the same.

4. The Defendant, **Credit Acceptance Corporation**, herein referred to as "CAC" and/or "Defendant", is a foreign corporation, whose principal place of business is located at 25505 WEST TWELVE MILE ROAD, SOUTHFIELD, MI 48034-8339, and which is engaged in, *inter alia*, financing of automobiles.

5. The contract for sale of the automobile made the subject of this dispute contains the following clause:

> "Notice: Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof."

6. Defendant CAC is liable for all claims and defenses which Plaintiff may have against Defendant Dealership.

7. As the principal of its employees and agents, Defendants are liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of Defendant's employees and agents.

## FACTUAL ALLEGATIONS

8. On or about December 4, 2013, Plaintiff inquired about the purchase of a used automobile from the Defendant Dealership.

9. On or about December 4, 2013, Defendant Dealership showed Plaintiff a 2003 Ford Explorer, VIN 1FMDU74K73ZA92861, (hereinafter sometimes referred to as the "Vehicle").

10. On or about December 4, 2013, Plaintiff paid a down payment of $1000.00 to Defendant Dealership.

11. On or about December 4, 2013, Plaintiff entered into written contracts with Defendant Dealership for the purchase and financing of the Vehicle.

12. As part of the Defendant's routine course of business, it was common practice of the Defendant to have consumers either make a credit application, pay a down payment, or trade in a vehicle for

a new or used vehicle. As a pattern and practice, the Dealer also has the consumer sign other preprinted forms used by Defendant in the purchase and finance of vehicles, including a retail installment sales contract, hereinafter referred to as a "RISC." At the time the RISC is signed, along with the other preprinted forms of the Defendant, the customer is given possession of the new or used vehicle. At this point, the customer is required by Dealership to purchase and maintain owner's automobile insurance before taking possession of the vehicle and leaving the dealership with the vehicle.

13. The RISC contains "Federal Truth-In-Lending Disclosures" required by the Truth in Lending Act, 15 U.S.C. § 1601 otherwise known as "TILA". The RISC is purported to be binding upon the credit customer when it is signed. The RISC makes it clear that the credit customer has been approved for finance based on the terms and disclosures set forth in the RISC. The other preprinted forms used by the Defendant are not incorporated or referenced in the RISC. There is no language in the RISC making it contingent upon approval by or assignment to a third party lender.

14. On or about December 4, 2013, Plaintiff signed a RISC which set forth the terms of financing for the Ford Explorer. By its terms, said RISC was assigned by Dealership to Defendant Credit Acceptance Corporation on December 4, 2013.

15. On or about December 4, 2013, Plaintiff took delivery of the Vehicle from the Defendant dealership.

16. On or about December 4, 2013, Defendant obtained insurance on the Ford Explorer.

17. On or about December 22, Dealership contacted Plaintiff, stating that Dealership could not obtain financing for Plaintiff's purchase of the Ford Explorer.

18. On or about December 22, 2013, Dealership told Plaintiff that he could not keep the vehicle, and that Plaintiff must return the vehicle to Dealership.

19. On or about January 2, 2014, Plaintiff drove the vehicle to a church parking lot in Brighton where he met with the Defendant Roderick Callins. Roderick Callins told Plaintiff that Plaintiff could not keep the vehicle, that Plaintiff had no ownership interest in the vehicle, that Defendant could not obtain financing for the vehicle, and that Plaintiff's down payment would not be refunded. Plaintiff, in reliance on Defendant's statements, relinquished the vehicle to Defendant.

20. On or about January 7, 2014, Defendant Credit Acceptance Corporation withdrew $358.38 from Plaintiff's bank account via electronic funds transfer.  Said withdrawal caused Plaintiff's account to be overdrawn, and Plaintiff was caused to incur bank charges and fees.

21. On or about January 20, 2014, Plaintiff contacted Defendant Credit Acceptance Corporation and requested said Defendant return to Plaintiff the monies withdrawn from his account. Plaintiff also requested said Defendant reimburse Plaintiff the fees and charges which Plaintiff's bank assessed as the result of Defendant's electronic withdrawal from Plaintiff's bank account.  Defendant refused to return any monies to Plaintiff.

22. On or about March 25, 2014, and possibly on other dates and occasions, Defendant Credit Acceptance Corporation obtained Plaintiff's credit report without authorization, and for an impermissible purpose.

23. As the result of the aforesaid, Plaintiff was deprived of the benefit of his bargain and was deprived of his down payment, the vehicle, and monies taken from his bank account via EFT. Plaintiff incurred other losses, including, but not limited to, payment made for insurance as a result of Defendant's representations, and the loss of interests on said monies.   Plaintiff has been greatly shocked and angered by Defendant's conduct and the resulting damages he has sustained, and Plaintiff has sustained other incidental and consequential damages.

<u>COUNT ONE: FRAUD, DECEIT, SUPPRESSION AND/OR MISREPRESENTATION</u>

24. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

25. Defendant, knowingly and intentionally placed the Vehicle into the stream of commerce with the intent to deceive Plaintiff as to the title status and condition of the vehicle.

26. On or about December 4, 2013, Defendant knowingly and intentionally, and with intent to deceive Plaintiff, represented to Plaintiff that:

    a. That Plaintiff, on the date of the signing of the paperwork, was purchasing the vehicle identified above;

    b. That the Defendant intended to transfer the title to the vehicle on the date the bill of sale contract was executed;

    c. That the Defendant would provide financing to the Plaintiff;

    d. The financing for the vehicle had been approved;

e.  That Defendant would fulfill its duties as a designated title agent of the State of Alabama and process the title application in keeping with applicable law;

f.  That Defendant would provide Plaintiff with documentation required to lawfully register and operate the vehicle;

g.  The December 4, 2013 contracts between Plaintiff and Defendant were binding and valid;

h.  The December 4, 2013 RISC between Plaintiff and Defendant was binding and valid;

i.  That Plaintiff had entered into a legally binding agreement by signing the December 4, 2013 contracts and the December 4, 2013 RISC;

j.  That Defendant had obligations under the December 4, 2013 RISC;

k.  That Defendant would sell Plaintiff the Vehicle at the interest rate on the December 4, 2013 RISC;

l.  That Defendant would sell Plaintiff the Vehicle under the terms of the December 4, 2013 RISC;

m.  That Credit Acceptance Corporation would take assignment of the financing of the Vehicle;

n.  That the terms of the RISC were correct.

27. On or about December 4, 2013, Defendant confirmed said representations, both orally and in writing, by signing the Bill of Sale.  Implicit in Defendant's representation of sale of the Vehicle is the subsequent transfer of title in the Vehicle to Plaintiffs in keeping with Alabama's codification of the Uniform Commercial Code, as well as Federal and Alabama motor vehicle statutes and regulations.

28. Plaintiff reasonably relied on the foregoing representations by, including, but not limited to, entering into the contract for the purchase of the vehicle, paying monies to the Defendant and taking other actions consistent with Plaintiff's purchase and ownership of the vehicle.

29. On or about January 2, 2014, Defendant Dealership informed Plaintiff that it was unilaterally rescinding the transaction.

30. On or about January 2, 2014, Defendant either made representations to Plaintiff, and/or ratified representations, with knowledge of the representations, including, but not limited to, the following:

a.  The December 4, 2013 contracts between Plaintiff and Defendant were not binding or valid;

b.  The December 4, 2013 RISC between Plaintiff and Defendant was not binding or valid;

c.  That Plaintiff had no rights whatsoever under the December 4, contracts or the December 4, 2013;

d.  That Defendant had no obligations under the December 4, 2013.

e.  That  could not sell Plaintiff the Vehicle at the interest rate on the December 4, 2013 RISC;

f.  That Defendant could not sell Plaintiff the Vehicle under the terms of the December 4, 2013 RISC;

g.  That Credit Acceptance Corporation would not accept assignment of the RISC.

h.  That Plaintiff had no option to keep the Vehicle;

i.  That there was a problem with the financing as to the December 4, 2013 RISC;

j.  That Plaintiff had no right to return of his down payment.

31. Plaintiff, in reliance on Defendant's representations, and under duress due to defendant's representations, returned the Vehicle to Defendant.  Defendant retained Plaintiff's monies paid to Defendant for the vehicle

32. Said representations were false.  The Defendant knew they were false and intentionally made said representations, thereby causing the Plaintiff to reasonably rely upon them.

33. Plaintiff reasonably relied upon said representations by purchasing the vehicle.  Plaintiff also reasonably relied upon these representations by incurring expenses and costs consistent with exercising ownership rights in the vehicle.

34. As a proximate result of the conduct of Defendant, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including, but not limited to:

a)  purchase costs;

b)  taxes;

c)  finance costs;

d)  insurance costs;

e)  travel costs;

f)  interest;

      g) bank fees and charges;

      h) as well as severe mental anguish, emotional distress and anxiety.

35. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding in an amount not to exceed $75,000.00, as well as punitive damages to deter such conduct in the future.

## COUNT TWO: VIOLATIONS OF THE TRUTH IN LENDING ACT

36. Plaintiff repeats each and every allegation contained in the paragraphs above and below and incorporates such allegations by reference.

37. This action seeks all remedies and penalties payable to Plaintiff as a result of the Defendant's violation of TILA, 15 U.S.C. §1601, *et seq* and Regulation Z, 12 C.F.R. §226.

38. Plaintiff's transaction was a consumer transaction within the meaning of TILA, 15 U.S.C. §1601, *et seq*, and Regulation Z, 12 C.F.R. §226.

39. Defendant violated the TILA and Regulation Z by failing to properly deliver all "material" disclosures as required by the Act and Regulation Z, including, but not limited to, the following:

    a. Failing to disclose accurately the "finance charge";

    b. Failing to disclose accurately the "amount financed";

    c. Failing to disclose accurately the "annual percentage rate";

    d. Failing to disclose accurately the creditor's identity;

    e. Failing to disclose accurately the "finance charge";

    f. Failing to disclose accurately the "total of payments";

    g. Failing to disclose accurately the payment schedule;

    h. Failing to disclose accurately the "total sales price".

40. The Defendant further violated TILA and Regulation Z by, *inter alia*, failing to deliver any disclosures to Plaintiff in a form they could keep prior to the consummation of the transaction as required by 15 U.S.C. §1638(b)(1) and Regulation Z, 12 C.F.R. 226.17(a) and (b).

41. As a result of the Defendant's violations of TILA and Regulation Z, Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1640(a).

42. As a result of the Defendant's violations of TILA and Regulation Z, Plaintiff seeks actual damages pursuant to 15 U.S.C. §1640(a).

43. As a result of the Defendant's violations of TILA and Regulation Z, Plaintiff seeks costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. §1640(a).

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by the Court, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE:  WANTONESS/NEGLIGENCE

45. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

46. Defendant owed Plaintiff a duty not to be wanton, negligent and/or reckless in his conduct both before and after the sales of the vehicle, as described herein, including, but not limited to, the following conduct:

    a.  Misrepresenting the sale of the vehicle;

    b.  Failing to return Plaintiff's down payment;

    c.  Withdrawing monies from Plaintiff's account;

    d.  Failing to return monies withdrawn from plaintiff's account

    e.  Obtaining Plaintiff's credit report;

    f.  Misrepresenting the parties rights under the contract;

    g.  Making material misrepresentations to the Plaintiff;

    h.  Failing to comply with state and federal laws, including, inter alia, regulations regarding vehicle titling and regarding retail installment sales contract disclosures.

    i.  Other conduct inconsistent with Defendant's obligations and duties under the contract and under state and federal laws and regulations.

47. By its conduct, the Defendant breached said duties to the Plaintiff and was wanton and/or negligent.

48. As a proximate result, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

49. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding in an amount not to exceed $75,000.00, as well as punitive damages to deter such conduct in the future.

## COUNT FOUR:  BREACH OF CONTRACT

50. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

51. On or about December 4, 2013, Defendant entered into a contract with the Plaintiff to sell the above described Vehicle to Plaintiff.

52. By its conduct, Defendant breached its contract with the Plaintiff.

53. As a proximate result, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount a jury deems appropriate to compensate his for loss of monies, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding in an amount not to exceed $75,000.00, as well as punitive damages to deter such conduct in the future.

## COUNT FIVE: VIOLATION OF THE FCRA
### NEGLIGENT FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

55. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

56. Defendant CAC negligently failed to comply with the FCRA when it obtained credit reports on the Plaintiff without authorization and without a permissible purpose.

57. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any

liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

58. As a result of Defendants' negligent failure to comply with the FCRA, defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

59. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

COUNT SIX:  VIOLATION OF THE FCRA:

WILLFUL FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

60. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

61. Defendant willfully failed to comply with the FCRA when it obtained credit reports on the Plaintiff without authorization, and without a permissible purpose.

62. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

63. As a result of defendants' willful failure to comply with the FCRA, defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

64. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies,

incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

COUNT SEVEN: VIOLATION OF THE FCRA

OBTAINING CONSUMER CREDIT REPORT WITHOUT PERMISSIBLE PURPOSE

65. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

66. As described herein, the Defendant obtained Plaintiff's credit report without a permissible purpose.

67. Pursuant to 15 U.S.C. § 1681n, any natural person who obtains a consumer credit report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. § 1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of his credit report; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

68. As a result of Defendants' request and receipt of a consumer credit report under false pretenses or knowingly without a permissible purpose, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of his credit report; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

69. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

COUNT EIGHT: VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

70. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

71. The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.* operates to provide consumers with clear and unambiguous notice of whether or not credit has been extended, and if such credit is denied or revoked, to inform the consumer of the reasons for denial. This function furthers the statute's purpose of eliminating discriminatory lending practices through record keeping procedures. This statute mandates a complete documentary trail establishing when and why credit is denied.

72. The ECOA mandates that a credit decision be made within thirty (30) days of receiving a complete application, and that the consumer be provided with an accurate notice of that decision. 12 C.F.R. § 202.9(a)(1).

73. Defendants have violated the ECOA by failing to provide the required notice to applicants, borrowers, consumers, co-applicants, or family members when adverse action is taken by Defendants in the form of credit denial.

74. Defendants' violations of the Equal Credit Reporting Act were committed willfully and/or negligently. As a result of Defendants' violations, the Plaintiff is entitled to all compensatory damages, statutory damages, punitive damages, attorneys' fees, costs, and other relief proscribed and recoverable under the Equal Credit Reporting Act.

75. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will enter a judgment against the Defendants in this action, and award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT NINE: CONVERSION and WRONGFUL REPOSSESSION

76. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

77. On or about December 4, 2013, Plaintiff paid $1000.00 to Defendant as a down payment on the sale of the Vehicle.

78. On or about December 2013, Defendant unilaterally rescinded the contract for sale of the Vehicle, induced Plaintiff to return the Vehicle to Defendant, and converted the vehicle, the trade-in, and Plaintiffs' down payment to Defendant's own use.

79. On or about January 4, 2014 Defendant Dealership fraudulently and/or deceitfully refused to return to Plaintiffs the down payment Plaintiff paid to Defendant under the terms of the contract for purchase of the Vehicle, and converted the same to Defendant's own use.

80. Defendant's conduct in its conversion of the down payment was oppressive and insulting.

81. On or about January 4, 2014, Defendant fraudulently, and with the intent to permanently deprive Plaintiff of property belonging to Plaintiff, wrongfully repossessed the Vehicle.

82. Plaintiff was not in default of any agreement with Defendant at the time of repossession.

83. On or about January 7, 2014, Defendant fraudulently and with the intent to permanently deprive Plaintiff of his monies, electronically withdrew monies from Plaintiff's bank account, and, upon demand by Plaintiff, refused to return said monies, or compensate Plaintiff for fees incurred by Plaintiff due to Defendant's withdrawal of said funds.

84. Defendants' conduct in its conversion of the vehicle, and of Plaintiff monies was intended to create hardship, was oppressive and insulting.

85. As a proximate result, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by the Court, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT TEN: VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT

86. Plaintiff repeats each and every allegation contained in the paragraphs above and below and incorporates such allegations by reference.

87. The EFTA permits "preauthorized electronic fund transfers," defined as "an [EFT] 15 U.S.C. § 1693a(9).

88. 15 U.S.C. §1693e states that "(a) A preauthorized [EFT] from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made...."

89. Plaintiff's Bank account from which Defendant withdrew funds by electronic fund transfer is an "account" as defined under the Electronic Fund Transfer Act § 1693(a)(2).

90. Plaintiff is a "consumer" as defined under the Electronic Fund Transfer Act § 1693(a)(5).

91. The transfer of monies from Plaintiff's checking account to Defendant occurring on or about January 7, 2014, was an "electronic fund transfer" as defined under the Electronic Fund Transfer Act § 1693a(6)

92. The transfer of monies from Plaintiff's Bank account to Defendant occurring on or about January 7, 2014, was an "unauthorized electronic fund transfer" as defined under the Electronic Fund Transfer Act § 1693a(11).

93. Defendant violated the EFTA's restriction on preauthorized EFTs, which may be permitted by consumers "only in writing," a copy of which must be given "to the consumer when made."

94. Defendant violated the EFTA's restriction on unauthorized EFTs.

95. Defendant's unauthorized EFT occurring on or about January 7, 2014 caused Plaintiff to incur bank charges and fees.

96. As a proximate result, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

97. WHEREFORE, Plaintiff demands judgment against the Defendants in an amount the Court would deem appropriate pursuant to 15 U.S.C § 1693a *et seq* plus expenses, court and filing costs, attorney's fees, and punitive damages.


## COUNT ELEVEN: NEGLIGENT TRAINING, SUPERVISION AND RETENTION

98. Plaintiff repeats each and every allegation contained in the paragraphs above and below and incorporates such allegations by reference.

99. Defendants' duties owed to Plaintiff in putting forth loyal, honest, and fair dealing employees who act in compliance with State law and contractual and other obligations arises from the special or confidential relationship between the parties, Alabama Statutes and regulations governing the automotive industry, Defendant's superior knowledge of the automobile

industry, its practices, and Defendant and its practices. Defendants and their employees and agents are among those exclusively licensed by the State to provide title transfer services to vehicle purchasers and/or financing and credit to consumers. Plaintiff must rely on licensed professionals such as Defendants, and the employees and agents of Defendants because they are the only group that can provide such services by law.

100. Defendants breached their duty by negligently retaining employees known to have violated state and/or federal laws relating to the mandatory disclosures required at the time of vehicle purchases, the timely transfer of vehicle titles, the use of official power of attorney forms to effectuate the proper and timely transfer of vehicle titles, and the conduct permitted by law in the repossession of said vehicles and known to have violated Defendants' stated company policies and procedures regarding the sale of automobiles, proper transfer of titles, mandatory disclosures and rules and regulations regarding the repossession of automobiles within the automotive industry, and procurement of credit reports.

101. Defendants' negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.

102. Defendants, working collectively and/or through its employees and/or agents, breached the duties owned Plaintiffs, and such breaches arise out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with them or acted as his, her, its or their agents, servants or employees, and in the line and scope of his business and contractual and statutory duties, to engage in material misrepresentations to Plaintiff in order to preserve and protect the financial interest of Defendants, and those who acted in concert or conspiracy with them.

103. Defendants knew or should have known of the wrongful or fraudulent practices engaged in by its employees, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public from unscrupulous, dishonest, and deceptive practices by its agents and employees. Defendants knew, or should have known that its policies and practices in training, supervising and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices thus were the actual and proximate cause of Plaintiff's injuries.

104. Plaintiff has incurred damages proximately caused by Defendants' negligence in training, supervising and retaining its employees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiffs, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount to be determined by the Court as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

### COUNT TWELVE: BAD FAITH AND NUMEROUS VIOLATIONS OF THE UCC

105. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

106. At all times material hereto, the vehicle described herein was a "consumer good" as said term is defined under the Uniform Commercial Code (herein "UCC"). Defendants failed to provide the required statutory notice of private or public sale to Plaintiffs as required by the UCC. The sale of the vehicle subsequent to repossession by the Defendant was not conducted in a commercially  reasonable manner within the meaning of Article 9 of the UCC. As a direct and proximate result of the conduct of the Defendants in repossessing and disposing of the vehicle, the Defendants have violated the default procedures set forth under U.C.C. Article Nine.   As a direct and proximate result of the violation of the default procedures of the UCC by the Defendants, Plaintiffs have the right to recover damages for any loss caused by the failure of the Defendants to comply with the provisions of the UCC, and in any event, in an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the debt or the time-price differential plus ten percent (10%) of the cash price. *See* U.C.C. § 9-625.

107. By its conduct, the Defendants has acted in a commercially unreasonable manner and has violated numerous provisions of Article 9 of the Uniform Commercial Code including but not limited to: Code of Alabama, §§ 7-9A-610, 611, 613, 614, 623 and 625 *et seq*. Plaintiffs are entitled to all damages allowed under UCC Art. Nine including, statutory damages as outlined above, and other statutory damages for each violation, as well as actual damages.

108. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will enter a judgment against the Defendants in this action, and award damages in an amount the Court

deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

Respectfully submitted, on this, the 15th day of May, 2014.

> **s/Thomas C. Donald**
> Thomas C. Donald
> ASB-6795-A47D, DON041
> Law Office of Thomas C. Donald, LLC
> 1707 29th Court South
> Birmingham, AL 35209
> Phone: 205 985 2309
> Fax: 205 802 7083
> Email: cdonald@donaldlawfirm.com

> **/s/ Michael E. Parrish**
> Michael E. Parrish
> ASB-5747-S69M, PAR075
> PARRISH & THEUS, LLC
> 1707 29th Court South
> P.O. Box 590067
> Birmingham, AL 35259-0067
> Phone: 205 326 0026
> Email: mike.parrish@parrish-theus.com

## PLAINTIFF DEMANDS TRIAL BY JURY

**Please serve Defendants at the following addresses:**

**Credit Acceptance Corporation**
**c/o/** CSC LAWYERS INCORPORATING SRVC INC
150 S PERRY ST
MONTGOMERY, AL 36104
**R & S Auto Sales, LLC**
904 3rd Avenue West
Birmingham, AL 35204
**Roderick Callins**
904 3rd Avenue West
Birmingham, AL 35204

ELECTRONICALLY FILED
5/15/2014 2:32 PM
01-CV-2014-902069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| RANDOLF PINKARD,<br>　　　Plaintiff; | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| R & S AUTO SALES, LLC, an Alabama<br>Limited Liability Company;<br>RODERICK CALLINS, an individual;<br>CREDIT ACCEPTANCE CORPORATION, a<br>foreign corporation;<br>FICTITIOUS DEFENDANTS Nos. 1 through 10,<br>whether singular or plural, that entity or those<br>entities, who or which wantonly negligently,<br>fraudulently or through any actionable conduct,<br>caused or brought about the condition by which<br>Plaintiff was injured;<br><br>　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CASE NO.:

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUESTS FOR PRODUCTION

Comes now the Plaintiff in the above styled cause, by and through his undersigned attorney, and requests that the Defendants answer the following interrogatories, separately and severally, within the time allowed by the Rules of Civil Procedure. In addition, Plaintiff requests that the defendants attach a copy of each and every document referred to in any of the interrogatories or in Defendants' responses thereto.

### DEFINITIONS

As used herein:

1. "Person" means and includes natural persons, corporations, partnerships, associations, or any type of entity, and agents, servants, employees and representatives thereof.

2. The term "identify" when used in reference to an individual person means to state his or her full name and present business and home address, his or her present business and home phone number, and his or her present or last known business affiliation.

3. As used herein, the term "document" means every writing and record of every type and description, including, but not limited to, correspondence, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts, tapes, discs and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice recordings or every other device or medium on which or through which information of any type is to be transmitted, recorded or preserved. The term "document" also means a copy when the original is not in your possession, custody, or control, and every copy of the document if such copy is not an identical duplicate of the original.

4. Each request to describe or identify a document shall be deemed to include a request for information sufficient to enable plaintiffs to obtain the documents with a subpoena, including but not limited to the date of the document, a physical description of the document, a brief description of the content of the document, the identity of the custodian of the document, the location of the document, and any title given to the document. If an interrogatory calls for a description of a document, you may, if you prefer, instead of identifying it, simply attach to your answer a clear copy, front and reverse, of document.

5. "Oral Statement" means and includes any face to face communication, conversation, meeting, conference or any such communication by telephone, radio, or other means of verbal communication.

6. In each case in which you are requested to "identify" an oral statement or in which your answer to the interrogatory refers to the "identity" of an oral statement, this is a request to give the identity of the person who made the statement and the persons hearing the statement, and the date, time, and place of its occurrence, and to briefly describe the content of the statement.

7. "STATE IN FULL DETAIL" means to set out in the fullest detail possible all knowledge or information available to you on the subject. The words "STATE IN FULL DETAIL" are capitalized so as to emphasize their full scope as so defined.

8. "You" in these interrogatories refers to the Defendant, and, when appropriate, persons acting at the direction of or on behalf of the Defendant.

9. The "VEHICLE" means the 2003 Ford Explorer, VIN 1FMDU74K73ZA92861 made the subject of this action.

## **INTERROGATORIES**

1. STATE IN FULL DETAIL the name, address, title and duties of the person answering these interrogatories, the place where these interrogatories were answered and all persons present when these interrogatories were answered.

2. STATE IN FULL DETAIL the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories and the proper designation of each book, document, or record which was searched in answering the interrogatories.

3. STATE IN FULL DETAIL the sequence of events on December 4, 2013, resulting in Plaintiff taking possession of the VEHICLE on December 4, 2013.

4. STATE IN FULL DETAIL the steps taken to sell, transfer, assign or otherwise dispose of VEHICLE following Plaintiffs' return of same to the Defendant Dealership, and for each such sale, INDENTIFY and STATE IN FULL DETAIL state the following:
   a. The person(s) to whom the vehicle was sold;
   b. The number of miles each person drove the vehicle;
   c. The finance company listed on the retail installment sales contract for each sale;
   d. All efforts and documents relating to registration of the identified purchaser;
   e. Description, including amount, of any monies retained by Defendant, for any reason whatsoever, as the result of such sale and/or attempted sale.

5. IDENTIFY by name, address, phone number, and, if applicable, agent for service of process, each and every person or entity who or which had an ownership interest in the Defendant at each and every occasion the VEHICLE was acquired, purchased, sold and/or transferred by the Defendant.

6. IDENTIFY by name, address, phone number, and dates of employment each and every employee of the Defendant at the time(s) the VEHICLE was acquired, purchased, sold and/or transferred by the Defendant.

7. IDENTIFY each of the following persons as of the date of the sale and/or transfer of the Vehicle out of the possession of the Defendant:

        a. Operating Dealer;

        b. General Manager;

        c. General Sales Manager;

        d. Comptroller;

        e. Office Manager;

        f. F&I Manager.

Respectfully submitted, on this, the 15th day of May, 2014.

Respectfully Submitted,
*s/Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Fax: 205 802 7083
Email: cdonald@donaldlawfirm.com


ELECTRONICALLY FILED
5/15/2014 2:32 PM
01-CV-2014-902069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| RANDOLF PINKARD,<br>    Plaintiff;<br><br>vs.<br><br>R & S AUTO SALES, LLC, an Alabama<br>Limited Liability Company;<br>RODERICK CALLINS, an individual;<br>CREDIT ACCEPTANCE CORPORATION, a<br>foreign corporation;<br>FICTITIOUS DEFENDANTS Nos. 1 through 10,<br>whether singular or plural, that entity or those<br>entities, who or which wantonly negligently,<br>fraudulently or through any actionable conduct,<br>caused or brought about the condition by which<br>Plaintiff was injured;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTON OF DOCUMENTS TO DEFENDANT

COMES NOW, the Plaintiff, and requests the Defendants, separately and severally, to respond to the Plaintiff's Request for Production of Documents by producing within the time prescribed by law at the office of Plaintiff's counsel, for any and all purposes provided by *Rule 34, Alabama Rules of Civil Procedure,* the following:

### DEFINITIONS

As used herein:

1. "Person" means and includes natural persons, corporations, partnerships, associations, or any type of entity, and agents, servants, employees and representatives thereof.

3. As used herein, the term "document" means every writing and record of every type and description, including, but not limited to, correspondence, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts, tapes, discs and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice recordings or every other device or medium on which or through which information of any type is to be transmitted,

recorded or preserved. The term "document" also means a copy when the original is not in your possession, custody, or control, and every copy of the document if such copy is not an identical duplicate of the original.

3. "You" in these interrogatories refers to the Defendant, and, when appropriate, persons acting at the direction of or on behalf of the Defendant.

4. The "VEHICLE" means the 2003 Ford Explorer, VIN 1FMDU74K73ZA92861 made the subject of this action.

## REQUESTS FOR PRODUCTION

1. Please produce all records and documentation of activities pertaining to registration of the VEHICLE made the subject of this action with the State of Alabama, including, but not limited to registration attempts, registration(s) that were not completed or finalized, or were withdrawn, and any and all information relating to the vehicle entered into ETAPS.

2. Any and all documents pertaining to the sale of the VEHICLE to PLAINTIFF, whether or not issued or created by Defendant, both front and back, including, but not limited to the odometer mileage statement and retail installment contracts;

3. Any and all service orders for the VEHICLE;

4. Any and all written warranties applicable to this VEHICLE;

5. Any and all correspondence or documents evidencing correspondence between Defendants and Plaintiff applicable to this VEHICLE;

6. Any and all correspondence or documents evidencing communication between Defendant Dealership, Defendant Callins and/or Defendant CAC applicable to:

    a. The VEHICLE

    d. Plaintiff

7. All documents prepared, submitted or received in conjunction with any sale, purchase, acquisition or transfer of the VEHICLE at any time, including, but not limited to, title documents, sales contracts, financing contracts, financial records related to the sale, and financial records related to the disposition of any funds paid out or received in conjunction with any such sales.

8. The entire dealer file related to the VEHICLE, including the file folder and/or file jacket, inside and outside, front and back of the folder/jacket and all pages therein.

9. Defendant's business license and dealer license.

10. Defendant's insurance agreements which may be liable to satisfy or reimburse defendant for all or any part of the judgment herein.

11. Produce any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of the expert who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

12. Produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

13. Produce any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained or engaged by you.

14. Produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit that are not subject to attorney-client privilege or attorney work product privilege, and which are in any way connected with the subject of this lawsuit, and which were made during the period commencing on December 1, 2013, and May 15, 2014.

15. Defendant's automobile dealer bond(s) for years 2010 to present.

16.   Produce copies of any "Dealer Agreements" documents and/or contracts regarding the relationships between Dealership and CAC

17.   Produce screenshots and/or images of all electronically stored information retained in any Dealer Management System utilized by Defendants.

18.   Produce copies of any and all information, records, emails, credit reports, credit approvals, either submitted to, or received from, DealerTrack, Route One or any other such service provider, relating to the:

      a. The VEHICLE

      b. Plaintiff

Respectfully submitted, on this, the 15th day of May, 2014.

                    Respectfully Submitted,
                    ***s/Thomas C. Donald***
                    Thomas C. Donald
                    ASB-6795-A47D, DON041
                    Law Office of Thomas C. Donald, LLC
                    1707 29th Court South
                    Birmingham, AL 35209
                    Phone: 205 985 2309
                    Fax: 205 802 7083
                    Email: cdonald@donaldlawfirm.com


ELECTRONICALLY FILED
5/15/2014 2:32 PM
01-CV-2014-902069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| RANDOLF PINKARD,<br>    Plaintiff;<br><br>vs.<br><br>R & S AUTO SALES, LLC, an Alabama<br>Limited Liability Company;<br>RODERICK CALLINS, an individual;<br>CREDIT ACCEPTANCE CORPORATION, a<br>foreign corporation;<br>FICTITIOUS DEFENDANTS Nos. 1 through 10,<br>whether singular or plural, that entity or those<br>entities, who or which wantonly negligently,<br>fraudulently or through any actionable conduct,<br>caused or brought about the condition by which<br>Plaintiff was injured;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff requests Defendants to respond, separately and severally, pursuant to the Alabama Rules of Civil Procedure, to the following REQUESTS FOR ADMISSION. The "VEHICLE" means the 2003 Ford Explorer, VIN 1FMDU74K73ZA92861 made the subject of this action.

1. Admit that Defendant did not return any monies paid to it by Plaintiff.

   Admitted / Denied

2. Admit that Defendant did not provide Plaintiff with notice of any sale, trade, transfer or other disposition of the VEHICLE.

   Admitted / Denied

3. Admit that Defendant withdrew monies from Plaintiff's bank account on or about January 7, 2014.

Admitted / Denied

4. Admit that Plaintiff gave Defendant $1000.00 on or about December 4, 2013.

Admitted / Denied

5. Admit that Defendant obtained Plaintiff's credit report on or about March 25, 2014.

Admitted / Denied

Respectfully submitted, on this, the 15th day of May, 2014.

Respectfully Submitted,
*s/Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Fax: 205 802 7083
Email: cdonald@donaldlawfirm.com

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2014-902069.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### RANDOLF PINKARD V. R&S AUTO SALES ET AL

NOTICE TO   R&S AUTO SALES, 904 3RD AVENUE WEST, BIRMINGHAM, AL 35204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS CHRISTOPHER DONALD

WHOSE ADDRESS IS 1707 29th Court South, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   RANDOLF PINKARD
pursuant to the Alabama Rules of the Civil Procedure

Date   5/15/2014 2:32:47 PM   /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

| ☑ Certified Mail is hereby requested | /s/ THOMAS CHRISTOPHER DONALD<br>Plaintiff's/Attorney's Signature |
|---|---|

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Server

_____
Server's Printed Name

_____
Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2014-902069.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### RANDOLF PINKARD V. R&S AUTO SALES ET AL

RODERICK CALLINS, 904 3RD AVENUE WEST, BIRMINGHAM, AL 35204

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS CHRISTOPHER DONALD

WHOSE ADDRESS IS 1707 29th Court South, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   RANDOLF PINKARD
pursuant to the Alabama Rules of the Civil Procedure

Date   5/15/2014 2:32:47 PM     /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested     /s/ THOMAS CHRISTOPHER DONALD
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____
(Date)

_____          _____          _____
Date                           Server's Signature              Address of Server

_____          _____          _____
Type of Server                 Server's Printed Name           Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2014-902069.00 |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### RANDOLF PINKARD V. R&S AUTO SALES ET AL

CREDIT ACCEPTANCE CORPORATION, C/O/ CSC LAWYERS INC SRVC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS CHRISTOPHER DONALD

WHOSE ADDRESS IS 1707 29th Court South, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   RANDOLF PINKARD
pursuant to the Alabama Rules of the Civil Procedure

Date  5/15/2014 2:32:47 PM    /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested    /s/ THOMAS CHRISTOPHER DONALD
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____        _____        _____
Date                        Server's Signature          Address of Server

_____        _____        _____
Type of Server              Server's Printed Name       Phone Number of Server



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
RANDOLF PINKARD V. R&S AUTO SALES ET AL

01-CV-2014-902069.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $29.14

Parties to be served by Certified Mail - Return Receipt Requested

R&S AUTO SALES                                         Postage: $8.03
904 3RD AVENUE WEST
BIRMINGHAM, AL 35204


CREDIT ACCEPTANCE CORPORATION                          Postage: $8.03
C/O/ CSC LAWYERS INC SRVC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

RODERICK CALLINS                                       Postage: $13.08
904 3RD AVENUE WEST
BIRMINGHAM, AL 35204


Parties to be served by First Class Mail

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | *CV-2014-902069* |
| Return Receipt Fee (Endorsement Required) | *S/C* |
| Restricted Delivery Fee (Endorsement Required) | *D-001* |
| Total Postage & Fees | $ |

Postmark Here

Sent To *R+S Auto Sales*

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7012 3460 0003 5702 8040

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   **R&S AUTO SALES**
   **904 3RD AVENUE WEST**
   **BIRMINGHAM, AL 35204**

   *CV-2014-902069-S/C-D001*

2. Article Number
   (Transfer from service label)

   7012 3460 0003 5702 8040

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, July 2013          Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | CV-2014-902069 |
| Return Receipt Fee (Endorsement Required) | S/C |
| Restricted Delivery Fee (Endorsement Required) | D-002 |
| Total Postage & Fees | $ |

Postmark Here

Sent To
*Roderick Callins*

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7012 3460 0003 5702 8064

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front If space permits.

1. Article Addressed to:

RODERICK CALLINS
904 3RD AVENUE WEST
BIRMINGHAM, AL 35204

CV-2014-902069-s/c-D002

2. Article Number
(Transfer from service label)

7012 3460 0003 5702 8064

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from Item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Certified Mail®      □ Priority Mail Express™
□ Registered          □ Return Receipt for Merchandise
□ Insured Mail        □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            □ Yes

PS Form 3811, July 2013          Domestic Return Receipt

**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

OFFICIAL USE

Postage | $
Certified Fee | CV2014-902069
Return Receipt Fee (Endorsement Required) | S/C
Restricted Delivery Fee (Endorsement Required) | D-003
Total Postage & Fees | $

Sent To *Credit Acceptance Corporation*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7012 3460 0003 5702 8057

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CREDIT ACCEPTANCE CORPORATION
C/O/ CSC LAWYERS INC SRVC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

CV-2014-902069-S/C-Do03

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7012 3460 0003 5702 8057

PS Form 3811, July 2013          Domestic Return Receipt



**AlaFile E-Notice**

01-CV-2014-902069.00

Judge: HELEN SHORES LEE

To:  DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDOLF PINKARD V. R&S AUTO SALES ET AL
01-CV-2014-902069.00

The following matter was served on 5/20/2014

**D001 R&S AUTO SALES**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2014-902069.00

Judge: HELEN SHORES LEE

To: PARRISH MICHAEL EDWARD
mike.parrish@parrish-theus.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDOLF PINKARD V. R&S AUTO SALES ET AL
01-CV-2014-902069.00

The following matter was served on 5/20/2014

**D001 R&S AUTO SALES**
CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2014-902069.00

Judge: HELEN SHORES LEE

To:   DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDOLF PINKARD V. R&S AUTO SALES ET AL
01-CV-2014-902069.00

The following matter was served on 5/20/2014

**D002 CALLINS RODERICK**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2014-902069.00

Judge: HELEN SHORES LEE

To:  PARRISH MICHAEL EDWARD
mike.parrish@parrish-theus.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDOLF PINKARD V. R&S AUTO SALES ET AL
01-CV-2014-902069.00

The following matter was served on 5/20/2014

**D002 CALLINS RODERICK**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2014-902069.00

Judge: HELEN SHORES LEE

To: DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDOLF PINKARD V. R&S AUTO SALES ET AL
01-CV-2014-902069.00

The following matter was served on 5/19/2014

**D003 CREDIT ACCEPTANCE CORPORATION**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2014-902069.00

Judge: HELEN SHORES LEE

To:   PARRISH MICHAEL EDWARD
      mike.parrish@parrish-theus.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDOLF PINKARD V. R&S AUTO SALES ET AL
01-CV-2014-902069.00

The following matter was served on 5/19/2014

**D003 CREDIT ACCEPTANCE CORPORATION**
CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R&S AUTO SALES

904 3RD AVENUE WEST

BIRMINGHAM, AL 35204

CV-2014-902069-S/C-Dool

2. Article Number
   (Transfer from service label)

7012 3460 0003 5702 8040

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☑ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)          ☐ Yes

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

AL 350

19 MAY '14

PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAY 20 2014

ANNE-MARIE ADAMS
CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RODERICK CALLINS

904 3RD AVENUE WEST

BIRMINGHAM, AL 35204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Roderick Callins_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type

☑ Certified Mail
☐ Registered
☐ Insured Mail

☐ Priority Mail Express™
☑ Return Receipt for Merchandise
☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☑ Yes

CV-2014-902069-slc-D002

2. Article Number
   (Transfer from service label)

7012 3460 0003 5702 8064

Domestic Return Receipt



UNITED STATES POSTAL SERVICE
(PL 3300)

19 MAY 2014
PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 100 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD
BIRMINGHAM, AL 35203-0009

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
MAY 20 2014
ANNE-MARIE ADAMS
CLERK

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X _Arty Harris_   ☐ Agent  ☐ Addressee

**B. Received by (Printed Name)**   **C. Date of Delivery**

Arty Harris   MAY 19 2014

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

**1. Article Addressed to:**

CREDIT ACCEPTANCE CORPORATION

C/O/ CSC LAWYERS INC SRVC

150 SOUTH PERRY STREET

MONTGOMERY, AL 36104

CV-2014- 902069-slc-Doo3

**3. Service Type**
- ☐ Certified Mail®
- ☐ Registered
- ☐ Insured Mail
- ☐ Priority Mail Express™
- ☐ Return Receipt for Merchandise
- ☐ Collect on Delivery

**4. Restricted Delivery? (Extra Fee)**   ☐ Yes

**2. Article Number**
*(Transfer from service label)*

7012 3460 0003 5702 8057

PS Form 3811, July 2013   Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box•

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAY 21 2014

ANNE-MARIE ADAMS
CLERK